IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

January 21 2008

**Plaintiff**  RE: Financing Stmt No: 2006091901558
**James Coppedge on behalf of**
**Coppedge Real Estate, LLC / Judgment Creditor**   Pro Per
**3742 N. 18th Street**
**Philadelphia, Pennsylvania [19140]**
**Phone Cell: 215-913-1485**
**Phone Home: 215-226-0259**


Honorable U.S. Magistrate Judge Pat Thynge
United States District Court
844 N. King Street
Wilmington, DE  19801

### RE: Requested Continuance

Dear Honorable Judge Thynge:

Request continuance for the scheduled Teleconference set for January 28, 2008 because I have a prearranged State Court Hearing I must attend.  See Attachment.

Respectfully In Christ,

*[signature]*
James Coppedge on behalf of
**Coppedge Real Estate, LLC**

Cc: M Robinson, Esq.

# ZARWIN ◆ BAUM ◆ DEVITO
# KAPLAN ◆ SCHAER ◆ TODDY ◆ P.C.
### ATTORNEYS AT LAW

BRENDAN G. LAMANNA
Member PA BAR
bglamanna@zarwin.com
Fax No.: 215-569-1206

December 27, 2007

Mr. James Coppedge
3742 N. 18th Street
Philadelphia, PA 19140

    Re: *James Coppedge v. City of Philadelphia*
      *ICN: 405-102-69637*
      *BCN: 3197038*
      *Date of Injury: 07/27/01*
      *Our File No.: 22378*

Dear Mr. Coppedge:

  Enclosed please find Judge Barbieri's Notice of Hearing regarding the Claim Petition in the above-captioned matter. The hearing has been scheduled for ***Monday, January 28, 2008 at 9:30 a.m.***

  Please make a note of this on your calendar and feel free to contact me should you have any questions with regard to this matter prior to the above-scheduled hearing.

  Thank you for your courtesy and cooperation.

            Very truly yours,

            BRENDAN G. LAMANNA

BGL/aj
Enclosure
cc: Michelle Lee, CompServices, Inc.

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

January 19, 2008

**Plaintiff**  RE: Financing Stmt No: 2006091901558
**James Coppedge on behalf of**
**Coppedge Real Estate, LLC / Judgment Creditor**   Pro Per
**3742 N. 18th Street**
**Philadelphia, Pennsylvania [19140]**
**Phone Cell: 215-913-1485**
**Phone Home: 215-226-0259**

Vs.

**DEFENDANT**
GERALD D. LEATHERMAN, ESQUIRE   Case #: 07-763
DEPUTY CITY SOLICITOR, CITY OF PHILADELPHIA
PENNSYLVANIA LAW DEPARTMENT

The Honorable Magistrate Judge Thynge

Dear Honorable Judge Thynge:

Good morning

Respectfully please reconsider the new evidence presented.

### AFFIDAVIT CLAIM OF SUPPORT
### OF PROPER JURISDICTION
### AND VENUE IN DELAWARE

**SUBJECT MATTER:**

This is an affidavit to reclaim the default judgment by partition for demand against the DEFENDANT who failed to timely respond to the complaint within the Twenty (20) day period. Also, the defendant failed to respond to the affidavits and defaulted on contracts by non-responses. The defendant was served on December 10, 2007. According to the summons the "defendant (meaning **you** GERALD D. LEATHERMAN, ESQURE) was 'required to serve upon the plaintiff *first*, **not the court** first, and *then* any answer that the defendant serves on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service" to the

Page 1 of 6

plaintiff. **This was not done.** In fact the plaintiff was available *all day to receive service on the 31st of December 2007, the final day at the above address before default.* No attempt of delivery was made by U.S. Marshal or any other Law Enforcement Officer to carry out service to me. No Registered or Certified Mail was delivered verifying service on the 31st of December to the above address. The plaintiff challenges the defense to prove otherwise. Therefore, the defendant is in default, the court having received a Certificate of Non-Response dated January 2, 2008, noting insufficient service and demanding default judgment be interred against the defendant. Although the default occurred after the 31st of December, plaintiff was available for service on that date, but received no service within the time period allowed.

According to "Rule 4 (2) (I), if service is not waived the person effecting service shall make proof thereof to the court. If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof…(3) thereof, include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court". The plaintiff was never informed of any waiver and never signed for any documents from GERALD D. LEATHERMAN, ESQURE or any representative.

**PERSONAL JURISDICTION AND VENUE:**

As to personal jurisdiction the plaintiff does have personal jurisdiction by dual domicile. The plaintiff has established dual domicile in both Pennsylvania and Delaware. **Coppedge Real Estate, LLC** is domicile in Pennsylvania where it was incorporated and business activities take place. While at the same time a primary domicile is located in Dover, DE 19904 since February 13, 2007 **(I still wish for my DE address to remain confidential).** The court records will show that the claims against the CITY OF PHILADELPHIA and MR. GERALD D. LEATHERMAN, ESQUIRE were both filed in or before November, 2007. This establishes my personal jurisdiction. The reason for not

using the Delaware domicile address was for my personal protection from the CITY OF PHILADELPHIA and other officials whose threats and harassments have caused me to seek a second domicile for my own protection. Request the Court to order Cease and Desist actions against the CITY OF PHILADELPHIA ESQUIRES and other official POLITICAL OFFICIALS from harassments and threats against **James Coppedge on behalf of Coppedge Real Estate, LLC**. Reference: *SUBJECT MATTER JURISDICTION OF THE FEDERAL COURTS III E. I.: Grupo Dataflux v. Atlas Global Group, L.P. 124 S. Ct. 1920 (2004).*

Whereas plaintiff changed the venue under Title 9 USC 204 due to conspiracy by the DEFENDANT/S via its agents and attorneys, and because maritime liens/admiralty contracts are enforceable anywhere within the United States.

In looking at the overwhelming evidence against the DEFENDANT who has waived all of his rights in failing to rebut any of the plaintiffs affidavits point for point, the DEFENDANT has openly and willfully violated the plaintiffs rights under Title 42: Section 1981 (b), 1983, 1986 & 1994. All contracts must be enforced. Therefore, the plaintiff has requested the court to do so.

Under the Affidavit of Stipulation of Monetary judgment to the CITY OF PHILADELPHIA due to default states in paragraph 4 that 'Stipulation also grants UCC lien in another state enforceable via all stipulations above in any state or country without further notifications above in any state or country without further notification. The CITY has three days to settle either $10,075.000.00 or 2 Million US Dollars". **See attachment**. Therefore personal jurisdiction and venue are proper.

**STATING A CLAIM:**

As to the alleged failure to state a claim against the DEFENDANT the failure is denied. The plaintiff has stated the claim of harassment and of political oppression by the CITY OF PHILADELPHIA'S appointed ESQUIRES and other OFFICIALS. The

plaintiff has overstated the claim; the DEFENANDANT has illegally and unlawfully harassed and used threats of seizure of personal property via agents and ESQUIRE without jurisdiction and without relief or remedy. The court has been asked to order the DEFENDANT/S to Cease and Desist harassment of the Secured Party Creditor permanently and to award the plaintiff damages for defamation of character and loss property and income. The CITY OF PHILADELPHIA has defaulted along with ESQUIRE GERALD D. LEATHERMAN in *not* responding to any affidavits submitted including the Summons of the court. MR. LEATHERMAN must therefore be held liable for his personal suit of default of ($100,000.00) One Hundred Thousand US Dollars, and the CITY OF PHILADELPHIA should be held responsible for its part as well.

AFFIDAVIT OF MIS-DELIVERY ERROR & BREACH ON THE COURTS BY DISCRIMINATION on the rights to enforce contacts under Title 42 (b).

**ORDER**

According to the Honorable Magistrate Judge's Order the plaintiff filed a motion on January 8, 2008 (D.1. 11.) "for default judgment allegedly because defendant failed to timely respond to the complaint within the twenty day period".

**Fact One:**

The plaintiff never filed a motion, only a default entry which is *not* a motion. The court owes an obligation for breach of mis-delivery under Title 22 Section 258 (b) via Title 9 USC Sections 1, 2, 13, 202, 203, 204, 20, 301, 303, & 304 to enter the Monetary Judgment regardless of the 20 day Summons rule the court allows in which the DEFENDANT *still* never rebutted any affidavits. They are *still* obligated to pay the debt regarding the previous defaults that were notarized.

**Fact Two:**

*Again*, neither the DEFENDANT GERALD D. LEATHERMAN nor his attorney, MICHAEL R. ROBINSON of SAUL EWING LLP *ever* rebutted **any** affidavits point for

point; and to this date there is *no proof of record by neither the notary nor the United States Postal Service by way of Postal Certified or Registered Mail* sent to me or to the court regarding the affidavits of the contract pursuant for the original (10) Ten Day Agreement then the (72) Seventy Two Hour terms.

**Fact Three:**

USPS certified all of the plaintiff's services to the DEFENDANT with Notary Witness as well. However, with the DEFENDANT GERALD D. LEATHERMAN, ESQUIRE, there is no such record of any responses within the original stipulations time period of which the Notary certifies these facts. *Where is DEFENDANT GERALD D. LEATHERMAN'S evidence of proof of service? Nothing else is acceptable.*

Whereas jurisdiction to collect the damages of One Hundred Thousand ($100,000.00) US Dollars are valid and enforceable under Title 9 USC Sections; 1, 2, 4, 202, 203, 204, 206, 301, 303, 304 & Title 28 USC 1333.

I request that all rebuttals to this affidavit be forwarded to my notary within three (3) calendars days of the responders receipt to:

>John T. Melvin, Jr.,
>
>4752 N. Broad Street
>
>Philadelphia, PA  19141

**Terms and Conditions:**

Whereas any esquire that is not in a conflict of law or conflict of interest must rebut each fact point for point in three business days addressed only to the Notary Public address above. Failure to do so constitutes to consent to jurisdiction voiding all FRCP 12 (b) forever with genuine articles certifying for the record that cannot be ignored nor breached nor dismissed by none except the Secured Party securing the obligation of $100,000.00 Monetary Lien on the DEFENDANT GERALD D. LEATHERMAN, ESQUIRE, enforceable via the United Nation Statue Article 49 securing that the

jurisdiction and venue are proper under obligation of contract globally and validate under Title 9 USC Section 1, 2, 13, 202, 203, 204, 206, 301, 303 & 304.

The plaintiff is competent to state the matters set forth herein that the contents are true, correct, correct, and complete, and *not* misleading, and the truth the whole truth and nothing but the truth to the best of one's knowledge understanding and deeply spiritual convictions and creed.  **ACCEPT FOR VALUE AND EXEMPT FROM THIRD PARTY LEVY.  UCC 3-4-19, 1-207 (27) (35).**

Respectfully In Christ,

*[signature]*
**James Coppedge on behalf of
Coppedge Real Estate, LLC**

COMMONWEALTH OF PENNSYLVANIA

                                        Jurat

COUNTY OF PHILADELPHIA          ss

On this 21ST day of January, 2007, before me, a Notary Public of the Commonwealth of Pennsylvania in and for the County of Philadelphia came, **James Coppedge / Coppedge Real Estate, LLC** before me personally known to be the JUDGMENT CREDITOR who is executing this **AFFIDAVIT CLAIM SUPPORT OF PROPER JURISDICTION AND VENUE IN DELAWARE**, and as he acknowledge this execution the same, and his signature is duly affixed by the authority of his Sacred, Risen Savior, Jesus Christ.

_/s/ CRE_ **James Coppedge / Copedge Real Estate, LLC**

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal of the STATE OF PENNSYLVANIA, COUNTY OF PHILADELPHIA the day and year first above written.

Subscribed and sworn to me at PHILADELPHIA - PA before me this 21ST day of JAN, A.D. 2008

Notary Public JOHN T MELVIN
My Commission Expires: NOV 15, 2011
WITNESS my hand and official seal

_____
Signature

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOHN T. MELVIN, JR., Notary Public
City of Philadelphia, Phila. County
My Commission Expires November 15, 2011

Coppedge Real Estate LLC / Janie Coppedge
3742 N. 18th Street
Philadelphia, Pennsylvania [ ]

November 13, 2007

GERALD D. LEATHERMAN, ESQ.
DEPUTY CITY SOLICITOR
CITY OF PHILADELPHIA, PENNSYLVANIA LAW DEPARTMENT
1515 ARCH STREET, 16th FLOOR
PHILADELPHIA, PA 19102

## AFFIDAVIT OF STIPULATION OF MONOTARY JUDGEMENT

The City of Philadelphia, a non-profit corporation and the Pennsylvania Law Department and Gerald D. Leatherman, Esq. Deputy City Solicitor have all failed to rebut my Affidavit of Special Negative Averment and Bill of Peace dated October 4, 2007 constituting the following stipulation which will be enforced as a Treaty, Treatise or International Agreement in which will be upheld under the Act of State Doctrine as a foreign judgment under Title 28.1608. There is no cure with the exception of settlement of $ One Hundred Thousand US Dollars.

1). This agreement will constitute full liability by the City of Philadelphia, Pennsylvania Law Department and Gerald D. Leatherman, Esq. Deputy City Solicitor its agents jointly and individually.

2). The City of Pennsylvania Law Department and Gerald D. Leatherman, Esq. Deputy City Solicitor will assure this payment via Common Pleas Court, Commonwealth Court, and the PHRC or Maritime Lien via the United States Coast Guard

3). Stipulations also include wholesale collect of the judgment lien under chapter 7 of the bankruptcy laws or premier capital, LLC's, given the power of attorney to execute a writ of mandamus on the Wachovia Bank account of the City of Philadelphia not limited to Donald Trump whole acquisition of said judgment.

4). Stipulation also grants UCC lien in another state enforceable via all stipulations above in any state or country without further notifications above in any state or country without further notification. From the date of receipt the City has three (3) days to settle for $ One Hundred Thousand US Dollars with full benefits due to me.

Page #2
November 13, 2007

**COMMONWEALTH OF PENNSYLVANIA**

**COUNTY OF PHILADELPHIA**            ss

On this \15th\ day of November 2007, before me, a Notary Public of the Commonwealth of Pennsylvania in and for the County of Philadelphia came, Coppedge Real Estate, Inc/James Coppedge before me personally known to be the JUDGMENT CREDITOR who is executing this AFFIDAVIT OF STIPULATION MONOTARY JUDGMENT, and they acknowledge this execution the same, and their signature's are dully affixed by the authority of His Sacred and Savior, SON OF MARY, the I AM - the ALL seeing eye of eternal life.

_[signature]_

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and affixed my official seal of the City of Philadelphia the day and year first above written.

_[signature]_
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOHN T. MELVIN, JR., Notary Public
City of Philadelphia, Phila. County
My Commission Expires November 15, 2011

AFFIDAVIT OF STIPULATION OF MONOTARY JUDGEMENT

The City of Philadelphia, a non-profit corporation has failed to rebut my affidavit of Negative Averment constituting the following stipulation which will be enforced as a Treaty, Treatise or International Agreement in which will be upheld under the Act of State Doctrine as a foreign judgment under Title 28.1608. There is no cure with the exception of settlement of $10,075.000.00 of the whole claim or $2 million dollar settlement.

1). This agreement will constitute full liability by the City of Philadelphia, its agents jointly and individually.

2). The City of Philadelphia Law Department or Risk Management will assure this payment via Common Pleas Court, Commonwealth Court, and the PHRC or Maritime Lien via the United States Coast Guard

3). Stipulations also include wholesale collect of the judgment lien under chapter 7 of the bankruptcy laws or premier capital, LLC's, given the power of attorney to execute a writ of mandamus on the Wachovia Bank account of the City of Philadelphia not limited to Donald Trump whole acquisition of said judgment.

4). Stipulation also grants UCC lien in another state enforceable via all stipulations above in any state or country without further notifications above in any state or country without further notification. The city has three days to settle either $10,075.000.00 or 2 million.

**COMMONWEALTH OF PENNSYLVANIA**

**COUNTY OF PHILADELPHIA**          ss

On this 3/ST day of July 2007, before me, a Notary Public of the Commonwealth of Pennsylvania in and for the County of Philadelphia came, Coppedge Real Estate, Inc/James Coppedge before me personally known to be the JUDGMENT CREDITOR who is executing this AFFIDAVIT OF STIPULATION MONOTARY JUDGMENT, and they acknowledge this execution the same, and their signature's are dully affixed by the authority of His Sacred and Savior, SON OF MARY, the I AM - the ALL seeing eye of eternal life.

_____
Coppedge Real Estate, Inc./James Coppedge

Coppedge Real Estate, LLC /
James Coppedge
Natural personal non-surety
UCC 1-201 (27) (35) NOTICE
Accepted for Value & Exempt from Levy

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and affixed my official seal of the City of Philadelphia the day and year first above written.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOHN T. MELVIN, JR., Notary Public
City of Philadelphia, Phila. County
My Commission Expires November 15, 2007

J. Capps de Jane, LLC
3742 N. 18th Street
Philadelphia, Pennsylvania [19140]
[19140]

RETURN RECEIPT REQUESTED

Honorable U.S. Magistrate Judge Thynge
U.S. District Court
844 N. King Street
Wilmington, DE 19801

7006 2760 0001 9879 2673

CERTIFIED MAIL

U.S. POSTAGE PAID
PHILADELPHIA, PA
19123
JAN 22, '08
AMOUNT
$5.94
00067729-18