# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| JAMES COPPEDGE ON BEHALF OF COPPEDGE REAL ESTATE, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) ) | Case No.: 1:07-cv-763-GMS-MPT |
| GERALD D. LEATHERMAN, ESQ., DEPUTY CITY SOLICITOR, CITY OF PHILADELPHIA, PENNSYLVANIA LAW DEPARTMENT, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT GERALD D. LEATHERMAN'S
## REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS

Michael R. Robinson (Bar No. 4452)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899-1266
Telephone:    (302) 421-6800
Facsimile:    (302) 421-6813
Email: mrobinson@saul.com
*Counsel for Defendant Gerald D.*
*Leatherman, Esquire*

Dated: February 6, 2008

## TABLE OF CONTENTS

<u>Page</u>

ARGUMENT ...................................................................................................................1

I.     THE COMPLAINT MUST BE DISMISSED BECAUSE THIS COURT
LACKS SUBJECT MATTER JURISDICTION. ..........................................1

      A.    Diversity Does Not Exist as Plaintiff and Defendant Are Citizens
of the Same State. ............................................................................2

      B.    Plaintiff Fails to Properly Invoke a Federal Law or Other
Constitutional Basis. .......................................................................2

II.    THIS ACTION MUST BE DISMISSED BECAUSE THIS COURT
DOES NOT HAVE PERSONAL JURISDICTION OVER GERALD
LEATHERMAN. ..........................................................................................3

III.   THIS ACTION MUST BE DISMISSED BECAUSE THE DISTRICT OF
DELAWARE IS AN IMPROPER VENUE FOR A CONTROVERSY
BETWEEN AN EMPLOYEE OF THE CITY OF PHILADELPHIA AND
ONE OF ITS CITIZENS. ..............................................................................4

IV.   THE COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO
STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED. ............5

CONCLUSION ..............................................................................................................5

## TABLE OF AUTHORITIES

Page

### CASES

Burt v. Barry, 962 F. Supp. 185 (D.D.C. 1997), appeal dismissed, 1997 WL
    573477.................................................................................................................................4

Gagliardi v. Clark, 2006 WL 2847409, at *3 (W.D. Pa. Sept. 28, 2006)...............................2

McNeil v. United States, 508 U.S. 106 (1993) ......................................................................2

McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S. Ct. 780 (1936) ..............2

Pennoyer v. Neff, 95 U.S. 714 (1877) ..................................................................................3

Snyder v. GPM2 LLC, C.A. No. 07-66-GMS (D. Del. Jan. 22, 2008)...................................2

**ARGUMENT**

On January 2, 2008, Defendant Gerald D. Leatherman filed his Motion to Dismiss (the "Motion") (D.I. 9) and Opening Brief in Support of the Motion (hereinafter "Opening Brief") (D.I. 10) on the grounds that this Court does not have subject matter jurisdiction to hear the claims brought in Plaintiff James Coppedge's complaint in this action (the "Complaint"), this Court does not have personal jurisdiction over Defendant Gerald Leatherman, the District of Delaware is not the proper venue for a controversy between two citizens of the City of Philadelphia in the Commonwealth of Pennsylvania, and the Complaint itself has failed to state claims upon which relief can be granted. On January 22, 2008, Mr. Coppedge filed an "Affidavit Denying All Defendants Frivolous Motions" (D.I. 17) and on January 24, 2008, Mr. Coppedge sent a letter to the Magistrate Judge requesting a continuance of the scheduling conference in this matter, attaching an Affidavit Claim of Support of Proper Jurisdiction and Venue in Delaware. (D.I. 18). Although it is unclear whether these two documents were filed in opposition to Mr. Leatherman's Motion, Mr. Leatherman is acting on the assumption that they were. Thus, this is Gerald Leatherman's Reply Brief in Support of his Motion.

**I.    THE COMPLAINT MUST BE DISMISSED BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION.**

In his Opening Brief, Mr. Leatherman set forth the reasons why this Court does not have subject matter jurisdiction over the dispute as set forth in his Complaint, *i.e.*, that the Complaint has failed to allege facts supporting either diversity or a federal question. (D.I. 10 at 6-10). Mr. Coppedge's statements in opposition to this argument fail to adequately address the issues raised thereby. Thus, the Motion should be granted for lack of subject matter jurisdiction.

### A.    Diversity Does Not Exist as Plaintiff and Defendant Are Citizens of the Same State.

In his Opening Brief, Mr. Leatherman argued that the Complaint failed to allege the diversity jurisdiction of this Court as both parties are citizens of Pennsylvania. (D.I. 10 at 7). In response Mr. Coppedge argues that he has dual citizenship – in Philadelphia as well as Dover, Delaware. He has, however, failed to offer proof that he is a citizen of Delaware, as required by the caselaw. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 186, 56 S. Ct. 780, 784 (1936) (the burden is on the plaintiff to plead and prove jurisdictional facts). Even if he had, it is the allegations in the Complaint that are relevant to the Motion. As in recent decision issued by this Court, it is the facts alleged in the Complaint that are relevant to the Court's subject matter jurisdiction. See Snyder v. GPM2 LLC, C.A. No. 07-66-GMS, at *2 (D. Del. Jan. 22, 2008).[1] There is nothing in the pleadings that would indicate that Mr. Coppedge's address is anything but 3742 N. 18th Street, Philadelphia, Pennsylvania, 19140. As noted in his Opening Brief, even a *pro se* plaintiff "must still plead the essential elements of his or her claim and is not excused from conforming to the standard rules of civil procedure." Gagliardi v. Clark, 2006 WL 2847409, at *3 (W.D. Pa. Sept. 28, 2006) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)). Failure to do so is fatal to Mr. Coppedge's Complaint.

### B.    Plaintiff Fails to Properly Invoke a Federal Law or Other Constitutional Basis.

In his Opening Brief, Mr. Leatherman argues that Mr. Coppedge had failed to plead and prove this Court should exercise its federal question jurisdiction over the controversy. (D.I. 10 at 8-10). In response, rather than answering this argument,

---

[1]    A true and correct copy of this decision is attached hereto as Exhibit A.

Mr. Coppedge asserts that Mr. Leatherman's response to the Complaint was not timely filed. (D.I. 18, Affidavit, at 1-2). The Magistrate Judge, however, has already denied Mr. Coppedge's request for default. *See* D.I. 16. Furthermore, Mr. Coppedge has not properly sought relief from that ruling.[2] As Mr. Leatherman's arguments remain unrebutted, the Motion can be granted at the very least on this ground alone.

## II.   THIS ACTION MUST BE DISMISSED BECAUSE THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER GERALD LEATHERMAN.

In his Opening Brief, Mr. Leatherman argued that this Court does not have personal jurisdiction over him as he could not be subject to the State of Delaware's long-arm jurisdiction nor does he sufficient minimum contacts with the State of Delaware that would not otherwise violate Mr. Leatherman's due process rights under the United States Constitution. (D.I. 10 at 10-13). In response, Mr. Coppedge argues that he, himself, is a resident of Delaware and thus there is personal jurisdiction. (D.I. 18, Affidavit at 2). This Court's personal jurisdiction looks to its jurisdiction over the Defendant, not the Plaintiff, in an action. Pennoyer v. Neff, 95 U.S. 714, 720-22 (1877). Thus, Mr. Coppedge's arguments on this issue must be disregarded as irrelevant and non-responsive. Even if the Court were to find it has subject matter jurisdiction over this action, the Motion should still be dismissed for lack of personal jurisdiction over Mr. Leatherman.

---

[2]   Mr. Coppedge argues that he did not make a motion for default judgment, but just a default entry. (D.I. 18, Affidavit at 6). Regardless of what he calls it, Mr. Coppedge makes no cognizable argument why the Magistrate Judge's decision on this issue is not valid. Thus, Mr. Coppedge's statements on this issue should be given no weight.

III.    **THIS ACTION MUST BE DISMISSED BECAUSE THE DISTRICT OF DELAWARE IS AN IMPROPER VENUE FOR A CONTROVERSY BETWEEN AN EMPLOYEE OF THE CITY OF PHILADELPHIA AND ONE OF ITS CITIZENS.**

In his Opening Brief, Mr. Leatherman argues that this action must be dismissed as the District of Delaware is the improper venue to review a controversy between an employee of the City of Philadelphia, Pennsylvania, acting in his official capacity, and one of the City's citizens. (D.I. 10 at 13-14). In response, Mr. Coppedge alleges that change of venue is due to a conspiracy among the defendants, their agents, and their attorneys. (D.I. 18, Affidavit at 3).[3]

As noted in his Opening Brief, this single, conclusory allegation without any allegation of fact in support of such conspiracy is far too vague to meet the minimal pleading requirements and heightened pleading standard for governmental conspiracy claims, and, thus, should be ignored. Burt v. Barry, 962 F. Supp. 185 (D.D.C. 1997), appeal dismissed, 1997 WL 573477. Furthermore, Mr. Coppedge has not explained how and why an alleged conspiracy among state actors would implicate federal employees and court officers in the Eastern District of Pennsylvania. As Mr. Coppedge has failed to rebut Mr. Leatherman's arguments on this issue, the Complaint should be dismissed for lack of proper venue.

---

[3]    Mr. Coppedge also asserts that maritime liens and admiralty contracts are enforceable anywhere in the United States. (D.I. 18, Affidavit at 3). Mr. Leatherman's arguments regarding this Court's maritime jurisdiction are sufficiently covered in his opening brief and remain unrebutted. *See* D.I. 10 at 8-9. Thus, Mr. Coppedge's statements on this issue should be disregarded.

## IV.    THE COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

In his Opening Brief, Mr. Leatherman argued that even if this Court were to find that it had jurisdiction of the subject matter of this controversy and over the person of Mr. Leatherman, and that the District of Delaware is the proper venue to decide the controversy, the Complaint itself fails to state a claim upon which the Court can grant relief. (D.I. 10 at 14-16).  Specifically, Mr. Leatherman notes that the Complaint fails to adequately state a claim under the civil rights laws, or state contract laws.  In response, Mr. Coppedge purports that he "has stated the claim of harassment and of political oppression" due to "threats of seizure of personal property … without jurisdiction" and also that Mr. Leatherman defaulted on a contract by *not* responding to Mr. Coppedge's affidavit, and by continuing to fail to rebut the affidavits. (D.I. 18, Affidavit at 3-4).  Such response is, in fact, fails to address the issues raised in the Opening Brief.  Thus, Mr. Leatherman's argument on this point has been conceded.

## CONCLUSION

For the foregoing reasons as well as those set forth in his Opening Brief, Defendant Gerald D. Leatherman, respectfully requests that the Court grant his Motion to Dismiss the Complaint with prejudice.

Dated:  February 6, 2008

/s/ Michael R. Robinson
Michael R. Robinson (Bar No. 4452)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899-1266
Telephone:    (302) 421-6800
Facsimile:    (302) 421-6813
Email:  mrobinson@saul.com

*Counsel for Defendant Gerald D.*
*Leatherman, Esq.*

# **<u>EXHIBIT A</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD SNYDER,                          )
                                         )
            Plaintiff,                   )
                                         )
       v.                                )       Civil Action No. 07-66 GMS
                                         )
                                         )
GPM2 LLC, et al.,                        )
                                         )
                                         )
            Defendants.                  )

## ORDER

On February 2, 2007, the plaintiff, Richard Snyder ("Snyder") filed the above-captioned

contract action against GPM2 LLC, Christy Management, LLC, Bonnie Benson, P.A., The Felton

Bank of Delaware, James P. Connor, Jr., Unknown Title Insurance Company, and Sergovic & Ellis

P.A. (collectively, the "defendants"). Presently before the court are motions to dismiss for lack of

subject matter jurisdiction filed by several of the defendants. Because Snyder asserts diversity as

the only basis for jurisdiction, pursuant to 28 U.S.C. § 1332, and because there is not complete

diversity of citizenship, the court will dismiss this action.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal

Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the

plaintiff's complaint. A motion to dismiss for lack of subject matter jurisdiction can take two forms:

it can attack the complaint on its face (facial attack), or it can attack the existence of subject matter

jurisdiction in fact (factual attack). *See Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d

884, 891 (3d Cir. 1977). For a facial attack, the court must consider the allegations of the complaint

as true and draw all reasonable inferences in the plaintiff's favor; for a factual attack, the trial court

is free to weigh evidence and satisfy itself as to the existence of its power to hear the case. *Id.* Here, the defendants make a facial challenge because they do not attack the merits of the complaint but, rather, claim that it is procedurally defective. Specifically, the defendants claim that Snyder has not and cannot allege complete diversity of citizenship. The court agrees.

Pursuant to 28 U.S.C. § 1332(a)(1), a federal court has jurisdiction over a case in which there is complete diversity of citizenship. The term "complete diversity of citizenship" means that "no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). Where a corporation is a named party to the litigation, it is "deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1) (emphasis added). Here, Snyder's complaint alleges that he is a resident of Delaware. (D.I. 1 ¶ 10.) The defendants' motions to dismiss assert that at least two corporate defendants – GPM2 LLC and Christy Management, LLC – are incorporated or have their principal places of business in Delaware. (See D.I. 6, at 4; id Ex. C; D.I. 22, at 6.) These defendants, therefore, are citizens of Delaware, the same state in which Snyder resides. As a result, no complete diversity of citizenship exists, and the clerk of court is directed to close this case.

Dated: January 22, 2008

/s/ Gregory M. Sleet
CHIEF, UNITED STATES DISTRICT JUDGE

2

## CERTIFICATE OF SERVICE

I, Michael R. Robinson, hereby certify that on this 6th day of February, 2008, I caused to be electronically filed a true and correct copy of the foregoing DEFENDANT GERALD D. LEATHERMAN'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS with the Clerk of Court using CM/ECF which will send notification of such filing.  A copy of the document was served on the following persons by U.S. Mail:

Mr. James Coppedge
c/o Coppedge Real Estate, LLC
P.O. Box 4482
Philadelphia, PA  19140


Mr. James Coppedge
c/o Coppedge Real Estate, LLC
3742 N. 18th Street, Apt. 1-A
Philadelphia, PA  19140


/s/ Michael R. Robinson
Michael R. Robinson (Del. Bar No. 4452)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899-1266
Telephone:    (302) 421-6800
Email:          mrobinson@saul.com