**SAUL EWING**
Attorneys at Law
A Delaware LLP

Michael R. Robinson
Phone: (302) 421-6895
Fax: (302) 421-5888
MRobinson@saul.com
www.saul.com

June 12, 2008



FILED
JUN 18 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**VIA E-FILE & HAND DELIVERY**
The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

Re:  *Coppedge v. Yurkie*, C.A. No. 1:07-cv-846-GMS-MPT
     *Coppedge v. City of Philadelphia*, C.A. No. 07-684-GMS-MPT
     *Coppedge v. Leatherman*, C.A. No. 07-763-GMS-MPT

Dear Chief Judge Sleet:

    I write on behalf of the defendants in the above-captioned matters (collectively "Defendants") in response to several Affidavits and other papers provided by plaintiff James Coppedge. Specifically, Mr. Coppedge has filed a Certification of Non-Response, filed in C.A. No. 07-684 (D.I. 26), an Affidavit to Overturn Denied Default Judgment and a Certification of Non-Response, filed in 7-763 (D.I. 25 and D.I. 26, respectively), and a Certification of Non-Response filed in C.A. No. 07-846 (D.I. 17).

    These filings reflect once again Mr. Coppedge's continued pattern of abuse of the judicial process and should be disregarded by the Court.[1] See Letter to the Court of March 18, 2008 in C.A. No. 07-684 (D.I. 24), in C.A. No. 7-763 (D.I. 23), and in C.A. No. 07-846 (D.I. 13). Mr. Coppedge again has failed to heed the Court's warning late last year that until the Court rules in his favor, such "repetitive motions or petitions [to enter judgment] will not be considered and will be summarily denied." Order dated 12/11/2007, C.A. No. 07-684 (D.I. 19). As there are pending meritorious motions to dismiss in each of these matters, the Court has obviously not ruled in Mr. Coppedge's favor. Thus, respectfully, Mr. Coppedge's continued filings in the referenced cases should be disregarded by the Court and "summarily denied."

---

[1]  For some unknown reason, Mr. Coppedge filed my letter of March 18, 2008 with a stamp indicating that it was being "accepted for value," in the three cases. See C.A. No. 07-684 (D.I. 25), in C.A. No. 7-763 (D.I. 24), and in C.A. No. 07-846 (D.I. 14). It is unclear what Mr. Coppedge meant by that statement. Thus, Defendants are unable to respond to it. To the extent that Mr. Coppedge may be asserting some sort of contractual relationship, Defendants expressly deny that such relationship exists between Mr. Coppedge and defendants, jointly or

P O Box 1266 • Wilmington, DE 19899-1266 • Phone (302) 421-6800 • Fax (302) 421-
Courier Address  222 Delaware Avenue, Suite 1200 • Wilmington, DE 19801-1611

BALTIMORE    CHESTERBROOK    HARRISBURG    NEWARK    PHILADELPHIA    PRINCETON    WASHINGTON

559613.2 6 12 08                                        A DELAWARE LIMITED LIABILITY PARTNERSHIP

DKT.NO ____18, 27, 27
DT. FILED __6/12/08

The Honorable Gregory M. Sleet
United States District Court
June 12, 2008
Page 2

As Mr. Coppedge has not discontinued his harassment of the City of Philadelphia (the "City"), its employees, and now its legal counsel, Defendants respectfully request that the Court impose sanctions against Mr. Coppedge, or, at the very least, discontinue receiving filings from him. Courts faced with similar frivolous lawsuits have found that sanctions and an injunction of filings are proper remedies to address the sort of abuse of process Mr. Coppedge has engaged in. See, e.g., United States v. Kettler, 934 F.2d 326 (10th Cir. 1991) (imposing restrictions on future filings without express permission); United States v. McKinley, 53 F.3d 1170 (10th Cir. 1995) (granting request for sanctions and imposing injunction against future filings without express permission); United States v. Barker, 182 F.R.D. 661 (S.D. Ga. 1998) (same); United States v. Barker, 19 F.Supp.2d 1380 (S.D. Ga. 1998) (enjoining future filings without express permission and enjoining party from filing commercial liens based on failure to respond to a document against federal employees); United States v. Andra, 923 F.Supp. 157 (D. Id. 1996) (same); Stoecklin v. United States, 1997 WL 1039238 (M.D. Fla. 1997) (imposing sanctions for continued filing of frivolous motions). True and correct copies of these opinions are attached alphabetically at Exhibit A.

The rationale upon which courts have imposed sanctions and enjoined future filings in similar situations is equally applicable here. This is especially so in light of Mr. Coppedge's recent targeting of Saul Ewing with yet another frivolous and improper lawsuit instead of waiting for the disposition of the pending motions in the referenced cases. See Coppedge v. Saul Ewing, C.A. No. 08-289. Mr. Coppedge's mercenary use of litigation as a tool to intimidate and harass the City, its employees, and now their legal counsel, for doing their jobs is exactly the sort of behavior courts around the country have refused to condone and consider sanctionable. Like those courts, this Court should not allow (and, thereby, further encourage) Mr. Coppedge's continued excessive, inappropriate actions and intentional waste of resources by both this Court and Defendants.

As always, counsel remains available at the Court's convenience if Your Honor has any questions.

Respectfully,

Michael R. Robinson
(Del. Bar No. 4452)

cc: Mr. James Coppedge
(Via First Class U.S. Mail)

559613 2 6/12/08

